**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Sharon Yvonne Ross,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Billy R. Oswald; Oswald & Burnside, LLC; Billy R. Oswald Law Firm, LLC; and Oswald Realty Inc.;<br><br>　　　　　Defendants. | C/A No.: 3:22-cv-03043-MGL-PJG<br><br><br>**PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL** |

Plaintiff Sharon Ross hereby moves this Court pursuant to South Carolina Rule of Professional Conduct 1.9 to disqualify S. Jahue Moore, counsel for Defendants Billy R. Oswald; Oswald & Burnside, LLC; Billy R. Oswald Law Firm, LLC; and Oswald Realty Inc., based on a conflict of interest.

## BACKGROUND

On April 8, 1982, Defendant Billy Oswald, serving as attorney for Plaintiff, filed a petition for custody of a minor child on Plaintiff's behalf in South Carolina family court. Subsequently, Defendant Oswald realized he may become a witness in the case, and, on August 15, 1984, the family court granted Defendant Oswald's request to substitute S. Jahue Moore, defense counsel in the instant case ("Defense Counsel"), as counsel for Plaintiff in her family court case. Defense Counsel represented Plaintiff through the end of her family court matter. As a result, Defense Counsel gained access to confidential information about Plaintiff that could be used to advance Defendants' position in this

1

litigation. Given this conflict, Defense Counsel should be disqualified from representing Defendants in this case.

On August 11, 2022, in a text message exchange, the undersigned asked Defense Counsel if he was aware that he had represented Plaintiff in a previous matter. *See* Ex. A, Text Messages from J. Cohoon to J. Moore. Defense Counsel responded "[n]o but if I did it is over." *Id.* On September 19, 2022, the undersigned again discussed the conflict of interest during a telephone call with Defense Counsel who indicated that, after filing an answer to the complaint, he would withdraw as counsel due to the conflict created by his previous representation of Plaintiff. The undersigned memorialized the conversation via email the following day. *See* Ex. B, Email from J. Cohoon to J. Moore. On October 11, 2022, in an attempt to follow this Court's Scheduling Order, the undersigned emailed Defense Counsel regarding the impending deadline for Federal Rule of Civil Procedure 26(f) conference and—again referencing the conflict—inquired as to who would be representing Defendants at the conference. *See* Ex. C, Email from J. Cohoon to J. Moore. Defense Counsel did not respond to the inquiry.

## LEGAL STANDARD

The Court has a "duty to maintain the highest ethical standards of professional conduct to insure and preserve trust in the integrity of the bar." *Livingston v. Copart of Conn., Inc.*, No. 3:17-cv-2543-JFA, 2020 U.S. Dist. LEXIS 247938, at *13 (D.S.C. Sept. 2, 2020) (citing *In re Asbestos Cases*, 514 F. Supp. 914, 925 (E.D. Va. 1981)). The South Carolina Rules of Professional Conduct set forth the ethical standards for South Carolina attorneys who practice in this Court. *See* D.S.C. Local Civ. R. 83.I.08. Under the South Carolina Rules, lawyers owe a continuing duty of loyalty to former clients. *See In re*

*Johnson*, 386 S.C. 550, 560, 689 S.E.2d 623, 629 (2010). Specifically, South Carolina Rule of Professional Conduct 1.9 provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
> . . .
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
>> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Rule 1.9, RPC, Rule 407, SCACR.

Motions to disqualify counsel are "within the inherent supervisory powers of the court" and are "committed to the court's sound discretion." *Newman Grill Sys., LLC v. Ducane Gas Grills, Inc. (In re Ducane Gas Grills, Inc.)*, 320 B.R. 312, 318 (Bankr. D.S.C. 2004) (quoting *Anderson v. Simchon (In re S. Textile Knitters, Inc.)*, Nos. 98-07203-W, 99-80026-W, slip op. at 3–4 (Bankr. D.S.C. Sept. 24, 1999)). "In determining whether to disqualify counsel for conflict of interest, the trial court is not to weigh the circumstances with hair-splitting nicety but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing the appearance of impropriety, it is to resolve all doubts in favor of disqualification." *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977) (internal citations omitted). "Neither is the court to consider whether the motives of counsel in seeking to appear despite his conflict are pure or corrupt; in either case the disqualification is plain." *Id.* The burden of proving that counsel

3

should be disqualified lies with the moving party. *Livingston*, 2020 U.S. Dist. LEXIS 247938, at *4–5.

## ANALYSIS

As an initial matter, Defense Counsel has acknowledged the conflict of interest in this case and indicated his intent to withdraw as counsel upon finding substitute representation for Defendant. Since acknowledging the conflict, however, Defense Counsel has avoided Plaintiff's counsel's attempts to confer regarding new representation and impending scheduling deadlines. Pursuant to this Court's Scheduling Order, the deadline for the parties to hold the conference required by Federal Rule of Civil Procedure 26(f) is today, October 20, 2022. ECF 11. Defense Counsel has not responded to Plaintiff's attempt to schedule the conference, and neither has he filed a motion to withdraw from this case or to substitute counsel. Therefore, Plaintiff's counsel is constrained to file this Motion.

If Defense Counsel were to change his position regarding the need to withdraw as counsel, disqualification is appropriate in this case based on his prior representation of Plaintiff. "It is well settled that once an attorney-client relationship has been established, an irrebuttable presumption arises that confidential information was conveyed to the attorney in the prior matter." *Livingston*, 2020 U.S. Dist. LEXIS 247938, at *6 (quoting *In re Goss*, 492 B.R. 469, 472–73 (Bankr. D.S.C. 2013)). The party seeking disqualification is not required to show actual disclosure of confidences, instead, once the former attorney-client relationship is established, and the interests of an attorney's past client are materially adverse to his present client, then disqualification turns solely on whether the past and present representation are substantially related. *Id.* at *6–7 (internal quotations

omitted). Matters are "substantially related" for Rule 1.9's purposes "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Rule 1.9, RPC, Rule 407, SCACR, cmt. 3.

During Defense Counsel's representation of Plaintiff in her custody dispute, Plaintiff entrusted Defense Counsel with personal information that creates a substantial risk of harm to Plaintiff in bringing her sexual harassment claim. *See* Ex. D, Ross Dec. The gravamen of any sexual harassment claim is that the alleged sexual advances were "unwelcome." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986). It follows that a common defense to a sexual harassment claim is to attack the victim's credibility and good character. Plaintiff is not required to reveal the precise information learned by Defense Counsel to establish a conflict. Rule 1.9, RPC, Rule 407, SCACR, cmt. 3. Instead, "[a] conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services." *Id.* In the ordinary practice of representing a client in a family law matter, a client reveals information of the most personal and confidential nature to their attorney. Information of that nature could be used to embarrass Plaintiff and to attack her credibility and good character as a defense to her sexual harassment claim against Defendants.

Notably, this Court need not consider whether Defense Counsel's motives are pure or corrupt. Instead, "the court must avoid the appearance of impropriety by resolving all doubts in favor of disqualification." *Livingston*, 2020 U.S. Dist. LEXIS 247938, at *13.

Disqualification would promote Rule 1.9's purpose of protecting client confidentiality and encouraging candid disclosure between clients and their attorneys. Parties obtaining representation of an attorney in a family court matter should not fear that their attorneys will one day use sensitive information gained during that representation against them. Defense Counsel's prior representation of Plaintiff in her custody dispute and his current representation of the defendant in this sexual harassment suit presents a clear conflict of interest rendering disqualification proper.

## CONCLUSION

For these reasons, this Court should disqualify counsel for Defendants, award attorney's fees and costs, and grant such other relief as the court deems proper.

Respectfully submitted,

s/Jack E. Cohoon
Jack E. Cohoon (SC Bar No. 74776)
Sarah J.M. Cox (SC Bar No. 104316)
BURNETTE SHUTT & MCDANIEL, PA
PO Box 1929
Columbia, South Carolina 29202
Tel. (803) 904-7914
Fax (803) 904-7910
JCohoon@BurnetteShutt.Law
SCox@BurnetteShutt.Law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

October 20, 2022