IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sharon Yvonne Ross,<br><br>    Plaintiff,<br><br>vs.<br><br>Billy R. Oswald; Oswald & Burnside, LLC; Billy R. Oswald Law Firm, LLC; and Oswald Realty Inc.;<br><br>    Defendants. | C/A No.: 3:22-cv-03043-MGL-PJG<br><br><br>**MOTION FOR SANCTIONS** |

Plaintiff Sharon Ross hereby moves this Court to sanction Defendants Billy R. Oswald; Oswald & Burnside, LLC; Billy R. Oswald Law Firm, LLC; and Oswald Realty Inc., pursuant to Rule 16(f), Fed. R. Civ. P., for failing to obey the Court's November 18, 2022 Order to obtain new counsel by December 13, 2022.

**BACKGROUND**

This matter is a sexual harassment and tort suit against Defendant Oswald individually and against three of his business entities. On November 3, 2022, Plaintiff filed a motion seeking to disqualify Defendants' counsel, who had previously represented her in a child custody matter. ECF 12. The motion was unopposed, and on November 9, 2022, the Court granted the motion, ordering Defendants to obtain new counsel within 14 days. ECF 15. Defendants requested an additional 21 days to obtain new counsel in a motion to reconsider filed on November 14, 2022 to which Plaintiff consented. ECF 18. The Court issued a minute Order extending the deadline for Defendants to seek new counsel to December 13, 2022. ECF 19.

1

The Court's deadline for Defendants to find other counsel has passed without the filing of notice of appearance by new counsel. Defendant Oswald has not indicated whether he intends to proceed pro se. Nor has Plaintiff's counsel been contacted by new counsel for the Defendants.

**ARGUMENT**

On a motion or on its own, the Court "may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 16(f)(1)(c), Fed. R. Civ. P. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust. *Id.* at 16(f)(2). The sanctions permitted in this rule are designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with expeditious management of trial preparation. *Royal Palace Hotel Assocs. v. Int'l Resort Classics*, 178 F.R.D. 588 (M.D. Fla. 1997).

The rule was designed to deter conduct that unnecessarily consumes court's time and resources that could have been more productively utilized by litigants willing to follow court's procedures. *Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601 (E.D. Cal. 1999). Under Rule 16(f), courts have very broad discretion to use sanctions, including a Rule 37 judgment by default, where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under various other rules and statutes, but that they fulfill their high duty to insure expeditious and sound

management of preparation of cases for trial. *Rice v. Barnes*, 201 F.R.D. 549 (M.D. Ala. 2001).

Holding Defendants in default is an appropriate sanction in this case. Entering a default judgment for failure to obtain counsel after a court order is not uncommon practice in the federal courts. *See, e.g.*, *Columbia Dentistry, LLC v. Emmen Holdings, LLC*, No. 3:18-cv-865-JMC-PJG, 2018 U.S. Dist. LEXIS 135446, at *4 (D.S.C. July 9, 2018) (recommending the corporate defendant be summarily dismissed from the case "for failure to obtain counsel, failure to comply with an order of the court, and failure to prosecute"), report and recommendation adopted, 2018 U.S. Dist. LEXIS 134390 (D.S.C. Aug. 9, 2018); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (when the defendant failed to obtain counsel as instructed, the district court entered a default judgment against it; "this was perfectly appropriate."); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004) ("Because [the defendant] has deliberately refused to retain counsel despite this court's unambiguous warning and order, the court grants the plaintiffs' motion for default judgment against [the defendant] pursuant to Rules 37(b)(2)(C) and 16(f)."); *Steigerwald v. Bradley*, 2001 U.S. Dist. LEXIS 14567 (D. Md. Apr. 5, 2001) (granting default judgment after the defendant corporation defied a court order to obtain counsel on the grounds that it could not afford counsel). Although default judgment may be considered a drastic sanction, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such

3

conduct in the absence of such a deterrent." *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).

In this case, such a sanction is appropriate. Defendants have failed to participate in this litigation since filing their answer to the complaint by avoiding Plaintiff's counsel's attempts to confer about the conflict created by Defendants' original representation, delaying the hiring of new representation, and ignoring scheduling deadlines. As such, Plaintiff was forced to file a Motion to Disqualify Counsel and a Motion to Stay the Court's Scheduling Order. ECF 12, 13. Defendants did not file a response to either motion. Defendants have now ignored an unambiguous Court order requiring them to obtain new representation in this case by a certain date. Although Defendant Billy Oswald may elect to represent himself, he has not filed a notice of appearance or notified Plaintiff's counsel he intends to do so. As the Court noted in its Order Granting Plaintiff's Motion to Disqualify, the remaining Defendants cannot proceed without counsel. *See, e.g.*, *Carotenuto v. VP Grp., LLC*, No. 4:17-cv-3493-RBH-TER, 2018 U.S. Dist. LEXIS 230785, at *4 (D.S.C. Jan. 31, 2018) ("It is well established that a corporation cannot appear pro se and must be represented by counsel in court.") (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)).

Defendants are clearly aware of this litigation and, as one of them is an attorney, are knowledgeable of federal court requirements. As such, Defendants' failure to participate in litigation and follow court orders is willful. Although Defendants' original counsel experienced health problems during this litigation, this does not justify Defendants' failure to participate in this matter. Because it is highly unlikely that Defendants will ever meaningfully participate in the litigation of this matter, other

sanctions would be ineffectual. Accordingly, Plaintiff respectfully requests the Court hold Defendants in default.

## CONCLUSION

For these reasons, this Court should grant default judgment against Defendants, award attorney's fees and costs, and grant such other relief as the court deems proper.

Respectfully submitted,

s/Jack E. Cohoon
Jack E. Cohoon (SC Bar No. 74776)
Sarah J.M. Cox (SC Bar No. 104316)
BURNETTE SHUTT & MCDANIEL, PA
PO Box 1929
Columbia, South Carolina 29202
Tel. (803) 904-7914
Fax (803) 904-7910
JCohoon@BurnetteShutt.Law
SCox@BurnetteShutt.Law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

December 14, 2022